UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　　Respondents. | No. 2:25-cv-0530 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and separately filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　　　Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

　　　　As discussed below, the Court recommends that this action be dismissed without prejudice as second or successive.

I.　　THE PETITION

　　　　Petitioner challenges his conviction for murder and attempted murder in San Joaquin County Superior Court Case No. STK-CR-FE-2017-0016638. (ECF No. 1.)

///

## II. GOVERNING STANDARDS

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

## III. DISCUSSION

The court's records reveal that petitioner has previously filed a petition for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous petition was filed on August 22, 2022, and was denied on the merits on March 13, 2023. Iseli v. People of the State of California, No. 2:22-cv-1483 TLN EFB (E.D. Cal.).[1] Because the instant petition challenges the same conviction and sentence as the one challenged in No. 2:22-cv-1483 TLN EFB, the instant petition is second or successive. Before petitioner can proceed with the instant petition, he must file a motion in the United States Court of Appeals for the Ninth Circuit to obtain an order authorizing the district court to consider the instant petition, and the Ninth Circuit must grant his motion and authorize him to file the petition in the district court. 28 U.S.C.

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1  § 2244(b)(3).  Petitioner provided no evidence that he has received the required authorization

2  from the Ninth Circuit.  Therefore, the Court recommends that this action be dismissed without

3  prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

4  IV.   CONCLUSION

5      In accordance with the above, IT IS HEREBY ORDERED that:

6      1.  Petitioner's application to proceed in forma pauperis (ECF No. 4) is granted; and

7      2.  The Clerk of the Court is directed to assign a district judge to this case.

8      Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

9      These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, petitioner may file written

12  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

14  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

15  F.2d 1153 (9th Cir. 1991).

16

17  Dated:  March 12, 2025

18

    CHI SOO KIM
19      UNITED STATES MAGISTRATE JUDGE

20  /1/isel0530.succ

3